1  DAVID S. DURHAM (No. 76296)
   ddurham@howardrice.com
2  CHRISTOPHER T. SCANLAN (No. 211724)
3  cscanlan@howardrice.com
   GILBERT J. TSAI (No. 247305)
4  gtsai@howardrice.com
   HOWARD RICE NEMEROVSKI
5      CANADY FALK & RABKIN
   A Professional Corporation
6  Three Embarcadero Center, 7th Floor
   San Francisco, California  94111-4024
7  Telephone:   415/434-1600
   Facsimile:    415/217-5910

   GEORGE VELASTEGUI (No. 107847)
   VALERIE HARDY-MAHONEY
   GARY M. CONNAUGHTON (No. 130889)
   JENNIFER E. BENESIS (No. 219559)
   National Labor Relations Board
   1301 Clay Street, Suite 300N
   Oakland, California 94612-5211
   Telephone: 510/637-3321

   Attorneys for Petitioner
   WILLIAM A. BAUDLER, REGIONAL DIRECTOR OF THE THIRTY-SECOND REGION OF THE NATIONAL LABOR RELATIONS BOARD

9  Attorneys for Respondent
   AMERICAN BAPTIST HOMES OF THE
10 WEST D/B/A PIEDMONT GARDENS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAM H. BAUDLER, Regional Director of the Thirty-Second Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, <br><br> Petitioner, <br><br> v. <br><br> AMERICAN BAPTIST HOMES OF THE WEST d/b/a PIEDMONT GARDENS, <br><br> Respondent. | Case No. 4:11-cv-02480-CW <br><br> Action Filed: May 20, 2011 <br><br> ***EMERGENCY*** STIPULATION FOR ENTRY OF PARTIAL STAY OF PRELIMINARY INJUNCTION ; ORDER THEREON <br><br> Date:    For Immediate Consideration <br> Judge:  The Honorable Claudia Wilken |

1  WHEREAS, on July 19, 2011, this Court granted a preliminary injunction that requires Respondent American Baptist Homes of the West d/b/a Piedmont Gardens ("Piedmont Gardens"), *inter alia,* to issue reinstatement notices to permanently replaced striking employees within 14 days of the injunction's effective date (which, taking into account the 14-day stay granted by this Court, set an ultimate deadline for communicating offers of reinstatement to affected employees of August 16, 2011);

WHEREAS, on the morning of August 9, 2011, and before the events described below, the Court of Appeals denied Piedmont Gardens' stay motion;

WHEREAS, on the afternoon of August 9, 2011, the parties learned that Administrative Law Judge Burton Litvack of the National Labor Relations Board ("NLRB") had issued a Decision and Recommended Order ("Decision"), dated August 9, 2011, a true copy of which is attached hereto as Exhibit A;

WHEREAS, as pertinent here, the Decision recommends dismissal of those portions of the administrative complaint alleging that the permanent replacement of strikers in August 2010 was unlawful (Exhibit A, at 27);

WHEREAS, based on this new development, Petitioner Regional Director of NLRB Region 32 (the "Regional Director"), intends to file a motion with this Court that will seek: (1) to withdraw the allegations and requests for relief in its Petition for Section 10(j) Injunction that relate to the striker replacement issue; and (2) to request modification of the injunction with respect to the striker replacement issue;[1]

WHEREAS, Piedmont Gardens and the Regional Director filed in the Court of Appeals on the afternoon of August 10, 2011 an Emergency Joint Motion For Stay, Limited Remand, And Order Abating Proceedings, which included as relevant here a joint request for a stay pending appeal (the "Remand Motion," a copy of which is attached as Exhibit B);

WHEREAS, the Remand Motion called to the Court of Appeals' attention Rule 62.1 of

---

[1] Both parties to this stipulation reserve the right to file exceptions and/or cross-exceptions with the NLRB regarding the Decision.

1 the Federal Rules of Civil Procedure (and its counterpart, Rule 12.1 of the Federal Rules of
2 Appellate Procedure), which appear to require that the Regional Director's anticipated
3 motion first be presented to this Court for an indicative ruling stating that this Court is
4 prepared to grant the Regional Director's anticipated motion and to accept a limited remand
5 from the Court of Appeals, after which the Court of Appeals may remand the matter for the
6 limited purpose of ruling on the Regional Director's motion;

7     WHEREAS, the time permitted to comply with the procedures set forth in Rule 12.1,
8 even on the basis of unopposed papers, appears unlikely to permit resolution of this issue
9 before August 16th, when offers of reinstatement must otherwise be received by Piedmont
10 Gardens employees under the terms of the injunction; and

11     WHEREAS, the Regional Director will promptly file its moving papers, and the parties
12 will cooperate to facilitate a speedy limited remand so that the Court may promptly entertain
13 the Regional Director's motion;

14     WHEREAS, the Court of Appeals has not ruled on the Remand Motion but court staff
15 have indicated that the appellate court may require that this Court consider the matters
16 presented herein in the first instance; and

17     WHEREAS, Piedmont Gardens will dismiss its appeal if the Regional Director's
18 motion is granted,[2]

19     NOW THEREFORE, the parties stipulate and respectfully request that the Court order
20 as follows:

21     Enforcement of Sections A(2) and B(2) of this Court's July 19, 2011 injunction
22 (Docket No. 49) is stayed pending consideration of the Regional Director's anticipated
23 motion to withdraw allegations relating to strike replacements and to modify the injunction

---

[2] If this Court grants the Regional Director's request to modify the portion of the injunction that relates to striker replacements, the only remaining portion of the injunction requires Piedmont Gardens to enforce a rule limiting employee access to its facility during non-work hours in a non-discriminatory fashion. The parties do not seek a stay of that portion of the Court's injunction, and Piedmont Gardens does not intend to appeal the injunction if it is modified to be limited to the access issue.

accordingly.

DATED: August 11, 2011.

Respectfully,

DAVID S. DURHAM
CHRISTOPHER T. SCANLAN
GILBERT J. TSAI
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation

By: _____/s/ *Christopher T. Scanlan*_____
        CHRISTOPHER T. SCANLAN

Attorneys for Respondent

GEORGE VELASTEGUI
VALERIE HARDY-MAHONEY
GARY M. CONNAUGHTON
JENNIFER E. BENESIS

By _____
        JENNIFER E. BENESIS

Attorneys for Petitioner

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

DATED: August 11, 2011.

_____
THE HONORABLE CLAUDIA WILKEN

W03 060010047/1655583/v3