IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. BAUDLER, Regional Director of the Thirty-Second Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>AMERICAN BAPTIST HOMES OF THE WEST, doing business as PIEDMONT GARDENS,<br><br>　　　　Respondent.<br>_____/ | No. C 11-2480 CW<br><br>ORDER GRANTING PETITIONER'S MOTION TO MODIFY SECTION 10(j) INJUNCTION<br>(Docket No. 59) |

　　Petitioner Regional Director of the Thirty-Second Region of the National Labor Relations Board (NRLB) William A. Baudler, for and on behalf of the NRLB, moves for modification of the injunction previously issued by the Court at his request against Respondent American Baptist Homes of the West pursuant to section 10(j) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(j).  Respondent has not filed a response to this motion.  Amicus Curiae Service Employees International Union, United Healthcare Workers--West opposes the motion.  Having considered the papers filed by the parties, the Court GRANTS Petitioner's request.

　　On July 19, 2011, the Court issued an injunction pursuant to section 10(j) of the NLRA, ordering, inter alia, that Respondent

reinstate to their former positions and previous wage and working conditions twenty-five former employees who were permanently replaced after a strike, pending resolution of the underlying case before the NRLB. On July 20, 2011, Respondent filed a notice of appeal of the injunction to the United States Court of Appeals for the Ninth Circuit.

Subsequently, on August 9, 2011, the Administrative Law Judge (ALJ) issued a Decision and Recommended Order, in which he found that Respondent's motivation for permanently replacing these striking employees did not render the permanent replacement unlawful, and that Respondent was not obliged to reinstate those employees to their former positions of employment.

On August 22, 2011, because of the ALJ's adverse ruling, Petitioner moved the Court for an order removing from the Section 10(j) Injunction those terms related to the reinstatement of these employees. On October 6, 2011, the United States Court of Appeals for the Ninth Circuit remanded the appeal to this Court for the limited purpose of enabling this Court to amend the Section 10(j) Injunction.

In light of the ALJ's ruling and Petitioner's request and based upon the entire record before the Court, the Court finds that the Section 10(j) Injunction shall be modified as follows:

Respondent is no longer enjoined and restrained from refusing to reinstate employees to their former positions of employment because the employees joined or assisted the Union by, among other

2

things, participating in a strike, or because they engaged in other protected concerted activities for the purpose of collective bargaining or other mutual aid or protection; and

Respondent is no longer ordered to offer interim reinstatement to Sherwin S. Amorsolo, Zegenech Bayou, Maggie Bellinger, Yohanes Beraki, Pacita Bumatay, Marieth Romero Carmona, Calvin Christian, Bonnie Conley, Judith Coston, Besima Ferhatovic, Sanjanette Fowler, Elisa Haile, Keiyana Kemp, Johnny Lee, Salvador Miranda, Michael Morrow, Sheila Nelson, Janie Ragsdale, Michelle Reynolds, Yordanos Sega, Paramjit Sekhon, Palwinder Singh, Denesha Singleton, Carmen Smith, Pierre Williams, and Rosa Zelaya to their former positions and previous wages and working conditions.

All other terms and provisions of the Section 10(j) injunction remain in full force and effect.

IT IS SO ORDERED.

Dated: 11/1/2011

CLAUDIA WILKEN
United States District Judge

3